**United States District Court**
**District of Massachusetts**

```
_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
          v.                       )
                                   )   Criminal No.
Manuel Arruda,                     )   09-10032-NMG
                                   )
          Defendant.               )
_____   )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

## I.   Background

On February 4, 2009, an Indictment was returned against defendant Manuel Arruda ("Arruda") on one count of arson, in violation of 18 U.S.C. § 844(i).  The government alleges that on the morning of August 12, 2008, the defendant "did maliciously damage and destroy, and attempt to damage and destroy, by means of fire" Art's International Bakery on Washington Street in Taunton, Massachusetts.  The government further alleges that the bakery was burglarized and roughly $1,000 in sale proceeds were taken prior to the fire, which was started by pouring a can of gasoline onto the floor and igniting it.

On September 2, 2008, an agent from the Bureau of Alcohol, Tobacco and Firearms interviewed Elliot Pina by telephone.  Mr. Pina drives by the bakery every morning on his way to work.  Around 1:30 a.m. on the morning of the fire, Mr. Pina was driving

-1-

from his home, which is a few blocks from the bakery, to work in Easton, Massachusetts.  Because Mr. Pina's wife works as a retail clerk at the bakery, he always looks at the bakery as he passes it.  According to the agent's report, Mr. Pina stated that he saw a "white man approximately 6'2", heavy-set but not fat, in shorts and a muscle shirt...clean shaven and had short hair."  The man was "standing directly in front of the bakery."

On September 12, 2008, Mr. Pina was interviewed again, this time in person.  According to that report, he saw:

> a heavy set white male approximately 6'+, with short light
> brown hair in blue gym-type shorts and a blue muscle shirt.
> He could not tell if the man had facial hair or was wearing
> glasses because he did not get a good look at his face.  He
> did not see any tattoos on the man but remembers distinctly
> being able to see the man's entire arms.  The man was
> standing directly in front of the bakery.

After eliciting a description from Mr. Pina, the agent showed him a clip from a surveillance video taken at Grampy's Corner Store in Taunton, Massachusetts, around 1:45 a.m. on August 12, 2008. The clip depicted the defendant at the attendant's counter.  (The agent did not show Mr. Pina the clip depicting the defendant buying a gas container.)  Mr. Pina stated that "the size and shape of the man and what he was wearing was consistent with the man he saw in front of Art's International Bakery the morning of August 12, 2008".  Mr. Pina did not know the identity of the man.

In a follow-up interview on December 5, 2008, the agent spoke to Mr. Pina again.  According to that report, Mr. Pina:

saw a man standing directly in front of Art's International
Bakery near the newspaper vending machines.  The man was
facing Washington Street.  Mr. Pina was only at the stop
sign for a few seconds and he did not see the man's face
directly.

On September 27, 2010, the defendant filed a motion to 1)
exclude, pursuant to Fed. R. Evid. 403, testimony by Mr. Pina
about the video identification procedure or 2) in the
alternative, to suppress evidence of the identification procedure
as suggestive and unreliable.  The defendant acknowledges that
his motion was filed after the deadline for dispositive motions
but argues that the government did not disclose in its 28-day
discovery letter that the identification would be used at trial.

On October 12, 2010, the government opposed the motion on
the grounds that: 1) the defendant's motion is untimely and the
government long ago turned over the reports and video to the
defendant and made it clear it intended to elicit Mr. Pina's
testimony regarding his observations and 2) the jury should
evaluate the evidence because the identification was not
suggestive, was reliable and its probative value is not
outweighed by any prejudicial effect.  The government states that
it will elicit testimony from Mr. Pina regarding what he observed
on the morning of the fire, whether those observations were
consistent with what he saw in the surveillance video and what he
can observe of the defendant in court.  The government contends
that the defendant may raise potential infirmities of the

-3-

identification through cross-examination.

## II.  **Legal Analysis**

### A.    **Motion to Exclude**

#### 1.    **Legal Standard**

Pursuant to Fed. R. Evid. 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  Prejudicial effect means "tendency to encourage the jury to decide the case on improper grounds." United States v. Kornegay, 410 F.3d 89, 96 (1st Cir. 2005) (citation omitted).

#### 2.    **Application**

The defendant argues that Mr. Pina's anticipated testimony that the video depiction of the defendant is consistent with the size, shape and clothing of the man he observed outside the bakery the morning of the fire should be excluded because its probative value, if any, is substantially outweighed by the fact that the jury will be misled to believe that Mr. Pina positively identified the defendant as the person he saw outside the bakery.

The defendant's argument is unavailing.  Mr. Pina's testimony about what he saw the morning of the fire, as well as his testimony that the defendant (both depicted in the video and in person) is consistent with the size, shape and clothing of the person he saw, is probative of whether the defendant is, in fact, the same person he saw and whether the defendant was at the scene

-4-

of the crime shortly before the crime occurred.  The testimony is not unfairly prejudicial, and in the Court's opinion, would not inflame the passions of the jury or encourage them to reach a decision on an improper basis.  Cross-examination at trial will give the defendant an opportunity to test the trustworthiness of the testimonial evidence.  Thus, the Court will deny the defendant's motion on the Rule 403 ground.

### B.   Motion to Suppress Identification

#### 1.   Legal Standard

The First Circuit employs a two-part test to evaluate the admissibility of an out-of-court identification.  United States v. Henderson, 320 F.3d 92, 100 (1st Cir. 2003).  First, the Court determines if the identification procedure was "impermissibly suggestive."  Id.  Next, it asks, notwithstanding the suggestive procedure, if the identification was reliable under the totality of the circumstances.  Id.; Manson v. Braithwaite, 432 U.S. 98, 114 (1977).  Identification evidence should be withheld from the jury "only in extraordinary cases."  United States v. Rivera-Rivera, 555 F.3d 277, 282 (1st Cir. 2009).  The primary evil to be avoided is a "very substantial likelihood of irreparable misidentification."  Neil v. Biggers, 409 U.S. 188, 198 (1972).

Under the first step, "impermissibly suggestive" means that "a positive identification is likely to result from factors other than the witness's own recollection of the crime."  Satcher v.

Pruett, 126 F.3d 561, 566 (4th Cir. 1997).  The suggestiveness of an identification procedure that does not rise to the level of "impermissible" is a proper subject of cross-examination and the jury is competent to weigh intelligently questionable identification testimony.  United States v. Maquire, 918 F.2d 254, 263-64 (1st Cir. 1990).

Reliability is the "linchpin in determining the admissibility of identification testimony."  Henderson, 320 F.3d at 100 (citing Manson, 432 U.S. at 114).  When analyzing reliability, the Court considers: 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of the witness' prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation and 5) the length of time between the crime and the confrontation.  Rivera-Rivera, 555 F.3d at 284 (citation omitted).

### 2.  Application

Because the defendant raises the possibility that Mr. Pina's statement is not an out-of-court identification but fails to argue why, the Court assumes that it is an identification.  The defendant contends that if it is an identification, it should be suppressed because it is impermissibly suggestive and unreliable, thereby violating his constitutional right to due process.

Mr. Pina's statement of identification is admissible as non-

-6-

hearsay pursuant to Fed. R. Evid. 801(d)(1)(C), as long as the identification procedure complied with constitutional due process requirements. Under the two-prong test, the Court considers first whether the identification was "impermissibly suggestive." It is undisputed that the agent showed Mr. Pina a video clip of only one person. However, there is no "per se rule condemning as constitutionally infirm all evidence derived from single photo identifications." Nassar v. Vinzant, 519 F.2d 798, 801 (1st Cir. 1975) (noting a single-person identification procedure requires careful scrutiny and testing under the totality of circumstances standard).

The circumstances show that, despite the single-person identification, the procedure was not impermissibly suggestive. Mr. Pina gave a description of the person he saw prior to viewing the video clip, and that description was consistent with the one he gave to the agent by telephone ten days earlier. The video clip depicts the defendant at a store counter, but does not show him with the can of gasoline (and there is no evidence that Mr. Pina knew of any connection between the store and the arson). Neither did it depict him in handcuffs or police custody, both of which are more suggestive but not impermissible. See, e.g., United States v. Lebron-Cepeda, 324 F.3d 52, 59 (1st Cir. 2003) (upholding finding that identification was not impermissibly suggestive where one witness had seen defendant handcuffed and

sitting in a police cruiser and another had seen defendant in a holding cell prior to identification). Furthermore, there is no evidence that the agent made suggestive remarks during the identification procedure. See, e.g., United States v. Thai, 29 F.3d 785, 810 (2d Cir. 1994) (noting fair pretrial identification procedure may be rendered impermissibly suggestive through subsequent actions or remarks by government agents).

Because the identification procedure was not impermissibly suggestive, it comported with the defendant's due process rights, and the Court need not reach the second step.

### ORDER

In accordance with the foregoing, defendant's motion to exclude and/or suppress identification evidence (Docket No. 45) is **DENIED** without a hearing.

**So ordered.**

　　　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　United States District Judge

Dated November 10, 2010